106 F.3d 423
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
James B. KING, Director of the Office of Personnel
Management, Petitioner,
v.
Stephen JOWANOWITCH, Respondent.
 Misc. No. 482.
 United States Court of Appeals, Federal Circuit.
 Nov. 14, 1996.
 
 FAA
 REVIEW GRANTED.
 Before MAYER, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and PLAGER, Circuit Judge.
 ON OPM PETITION FOR REVIEW
 PLAGER, Circuit Judge.
 
 ORDER
 
 1
 James B. King, Director of the Office of Personnel Management, petitions for review of an arbitrator's decision reversing the Federal Aviation Administration's (FAA) removal of Stephen Jowanowitch. Jowanowitch opposes.
 
 
 2
 Briefly, the FAA removed Jowanowitch after his security clearance was revoked because his position required a secret security clearance. On appeal to an arbitrator, the arbitrator found that the collective bargaining agreement applicable to Jowanowitch's position required the FAA either to transfer Jowanowitch to a nonsensitive position or to establish that a nexus, independent of the security clearance revocation, existed between the efficiency of the service and the employee's removal. Because the FAA relied on its revocation and did not demonstrate another nexus, the arbitrator ordered the FAA to reinstate Jowanowitch to a nonsensitive position.
 
 
 3
 Pursuant to 5 U.S.C. § 7703(d), OPM may seek review of a Board decision when OPM determines, in its discretion, that the Board erred in interpreting a civil service law, rule, or regulation, and that the Board's decision will have a substantial impact on the administration of the civil service. This court must determine independently whether an exercise of our jurisdiction is warranted. Devine v. Sutermeister, 724 F.2d 1558, 1562 (Fed.Cir.1983).
 
 
 4
 OPM argues that the arbitrator's decision is contrary to Department of the Navy v. Egan, 484 U.S. 518 (1988), and Federal Circuit precedent and that the decision will have a substantial impact on the administration of the civil service. Jowanowitch argues that Egan does not limit the agency and employee's ability to negotiate the reasons for removal other than the loss of a security clearance, that the arbitrator's decision will have a limited impact, and that arbitrator's decisions are afforded a high degree of deference.
 
 
 5
 With regard to the substantial impact requirement, OPM argues that to allow the arbitrator's decision to stand would send a clear signal to Federal agencies, arbitrators, and employees that controlling law may be circumvented and nullified based upon an arbitrator's individual interpretation of a collective bargaining provision. Furthermore, the impact upon law enforcement and national security agencies would be substantial: A version of the provision relied on by the arbitrator is in virtually all collective bargaining agreements and if the arbitrator's decision in this case is allowed to stand it would have the impact of denying agencies the ability to remove employees who fail to maintain eligibility for required security clearances, notwithstanding clear judicial recognition that the failure to maintain a clearance is in itself sufficient cause to promote the efficiency of the service. We agree that OPM has made the requisite threshold showing. Thus, it is appropriate to grant OPM's petition.
 
 
 6
 Accordingly,
 
 IT IS ORDERED THAT:
 
 7
 OPM's petition for review is granted.